HIGHTOWER, Judge,
dissenting
I respectfully dissent.
The majority opinion essentially disregards the standard established by this court in Green v. American Home Assurance Co., supra, and subsequently followed in other cases. The rule of that jurisprudence, concerning whether an inoperable automobile remains an “automobile” under the extended coverage provisions of *725 a liability policy, has been stated as follows:
Even though an insured auto may be temporarily inoperable, it is considered another vehicle owned by the named insured if it is repairable and has been neither junked nor abandoned.
15 W. McKenzie & H. Johnson, Louisiana Civil Law Treatise — Insurance Law and Practice § 62 (1986).
The Pikers’ 1977 Buick was obviously repairable. Indeed, shortly after the date in question it was repaired by the son-in-law, who expended about $500 and his own labor, and then driven for some 50,000 miles — even being driven by Mr. Rushing, the son-in-law, to the taking of a deposition on April 19, 1985. Moreover, Mr. Rushing acknowledged that some of the repairs he made were not necessary in order to get the ear “running.” Clearly, the car had not been abandoned; it had not been junked.
Thus, under Green and the existing jurisprudence, the Buick was an automobile. That vehicle was owned by the Pikers; and, under the unambiguous language of the policy, coverage was not extended.
The majority observes that any automobile is repairable with the expenditure of sufficient resources. If we assume, ar-guendo, some necessity to narrow the term “repairable,” then certainly a definition bounded with a degree of reliable precision is preferable to an indistinct, nebulous approach. For example, it is possible to limit “repairable” to those instances when the cost of repair does not exceed the worth of the vehicle after repair. However, it is highly likely that the 1977 Buick would have measured up to even that test, again foreclosing extended coverage.
ON APPLICATION FOR REHEARING
Before MARVIN, FRED W. JONES, Jr., HIGHTOWER, HALL and SEXTON, JJ.
Rehearing denied.